IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOMEVESTORS OF AMERICA, INC., | § |
| *Plaintiff,* | § § § |
| v. | §  Case No. |
| CAB PROPERTIES, LLC | § § § |
| *Defendant.* | § § |

## COMPLAINT

Plaintiff, HomeVestors of America, Inc. ("HomeVestors"), through its undersigned counsel, files this Complaint for damages and injunctive relief against Defendant CAB Properties, LLC ("Defendant"), and in support thereof would show as follows:

## I.
## NATURE OF THE ACTION

1. This is an action for trade dress infringement and unfair competition under federal law. As described more fully below, upon information and belief, Defendant has knowingly, willfully, and/or intentionally infringed upon HomeVestors' trade dress, damaged HomeVestors' business reputation, and subjected HomeVestors to unfair competition, lost profits, and other monetary damages. The infringement is ongoing causing HomeVestors to suffer irreparable harm.

2. HomeVestors brings this action under the Lanham Act, including 15 U.S.C. § 1125(a) (Infringement, False Designation of Origin, and Unfair Competition); 15 U.S.C. § 1116 (Injunctive Relief); and 15 U.S.C. § 1117 (Attorney Fees and Treble Damages).

## II.
## PARTIES

3. Plaintiff HomeVestors is a Delaware corporation with its principal place of business in Dallas County, Texas.

4. Defendant CAB Properties, LLC is Illinois limited liability companies whose members are Illinois citizens, does business in this district and can be served with process by serving its registered agent Michael Fisher at 829 Spencer Road, New Lenox, Illinois 60451.

## III.
## JURISDICTION

5. This Court has jurisdiction over all aspects of this action pursuant to: (a) 15 U.S.C. § 1121 and 28 U.S.C. § 1331, in that this action arises under the Constitution and laws of the United States, more specifically, the Lanham Act, Title 15 of the United States Code (the "Lanham Act"); (b) 28 U.S.C. § 1338, in that this is a civil action arising under an Act of Congress relating to trade dress, more specifically the Lanham Act; and (c) 28 U.S.C. § 1332(a), in that the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

6. This Court has personal jurisdiction over the Defendant by virtue of Defendant transacting, doing, and soliciting business in this district, because a substantial part of the relevant events occurred in this district, and because Defendant has infringed, contributed to the infringement of, and/or actively induced others to infringe HomeVestors' trade dress in this district. Moreover, Defendant continues to infringe, contribute to the infringement of, and/or actively induce others to infringe HomeVestors' trade dress in this district.

## IV.
## VENUE

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the claims arose in this district, and the Defendant resides in this district for purposes of venue under 28 U.S.C. § 1391(c). Additionally, Defendant uses interactive websites to promote Defendant's infringing services and products. Thus, Defendant is subject to personal jurisdiction in this district.

## V.
## FACTS SUPPORTING CLAIMS

**A. Background on HomeVestors.**

8. Founded in 1996, HomeVestors is a privately owned real estate franchise company that sells franchises to investors who buy homes in need of repair or homes that owners need to sell more quickly than can be done through a traditional sales arrangement with a realtor.

9. HomeVestors franchisees typically renovate the houses they purchase and then sell or rent them to others. HomeVestors is well known for its slogan, "We Buy Ugly Houses," which was granted service mark registration by the United States Patent and Trademark Office in September 2003.

10. As a group, HomeVestors' franchises comprise the largest homebuying network in the United States. The company is headquartered in Dallas, Texas, and it has more than 880 independently owned and operated franchises located in 45 states and the District of Columbia.

**B. The HomeVestors Trade Dress.**

11. HomeVestors is the owner of trade dress consisting of a distinctive yellow and red color scheme in which the HomeVestors website is included in the red, horizontal stripe located against a yellow background. The distinctive advertisements also utilize a black "painted on" font for the trademark "We Buy Ugly Houses." This same "painted on" font is used in seven of

the federally registered HomeVestors trademarks identified and described in Exhibit A attached hereto. Occasionally, the advertisements include the HomeVestors logo and "America's #1 Home Buyer" located above the red stripe and below the "We Buy Ugly Houses" trademark (all elements collectively referred to as the "TRADE DRESS"). The scheme is used in signage, billboards, print media and Internet advertisements, and even painted on vehicles. The use of specific colors and layout to identify its business has created a distinctive impression with current and potential customers, and distinguishes HomeVestors' business from that of its competitors. The distinctive design of the TRADE DRESS is not functional as it is not essential to the use or purpose of the advertising nor does the design affect the cost or quality of the advertising—it is merely an ornamental arrangement of features. It therefore constitutes protectable trade dress. An example of the TRADE DRESS is included below:



12. Only HomeVestors and its independently owned and operated licensed franchisees have the right to use the TRADE DRESS in the United States.

13. HomeVestors' franchisees advertise their real estate-related services through print media, billboards, the Internet, and on television and radio. Their annual advertising expenditures exceed $40 million. As a result of the extensive advertising and sales, the TRADE DRESS enjoys significant goodwill among relevant consumers.

14. In 2016, the Caruth Institute for Entrepreneurship at the SMU Cox School of Business ranked HomeVestors as number 15 in the "Dallas 100" among the fastest-growing

private companies based in Dallas; HomeVestors was ranked number 30 in 2017. Also in 2016, HomeVestors was recognized as the 19th fastest growing franchise by *Entrepreneur Magazine*, and in 2017 *Entrepreneur Magazine* ranked HomeVestors as number 52 in its "Franchise 500." In 2017, and for the eleventh consecutive year, HomeVestors was named to *Franchise Business Review's* "Top 50 Franchises," a distinction awarded to franchisors with the highest level of franchisee satisfaction.

### C. Defendant's Wrongful Acts.

15. Defendant is not a licensed HomeVestors franchisee and does not have any other affiliation with HomeVestors. Defendant is not entitled to use any of the TRADE DRESS to promote its real estate services. Furthermore, Defendant is a direct competitor with HomeVestors in the buying and selling of houses in distressed situations.

16. Defendant uses the same color scheme and "look and feel" as the TRADE DRESS to advertise its real estate services. An example of Defendant's advertisements compared to the TRADE DRESS is shown below:

| HomeVestors Trade Dress | Defendant's Advertisement |
|---|---|
|  |  |

17. Defendant uses the TRADE DRESS in Internet advertisements. For example, Exhibit "B" is a printout of the Facebook webpage located at https://www.facebook.com/photo.php?fbid=1792773191048687&set=gm.10155130851659216

&type=3&theater on February 24, 2017, and Exhibit "C" is a printout of the Pinterest webpage located at https://www.pinterest.com/pin/270708627582318953/ on February 24, 2017.

18. Defendant's use of the TRADE DRESS deceives consumers into believing that Defendant is affiliated with HomeVestors. Defendant's intent to confuse consumers (1) harms HomeVestors' reputation, (2) misappropriates business opportunities and profits intended for HomeVestors and its franchisees, and (3) drives up advertising costs for HomeVestors.

### D. Defendant Has Willfully and Intentionally Infringed Upon HomeVestors' Trade Dress.

19. By certified letter on March 21, 2017, HomeVestors notified Defendant of its infringing use of the TRADE DRESS:

> Your use of the Trade Dress and any confusingly similar variations thereof infringes on our client's Trade Dress, registered trademarks and its common law usage of the marks, and constitutes trademark infringement, trade dress infringement, trademark dilution and unfair competition under Sections 32, 43(a) and 43(c) of the Lanham Act and various related state laws.

Defendant ignored this warning and continued its infringing activities.

20. On May 24, 2017, HomeVestors sent Defendant another cease and desist letter and attached a draft of this lawsuit and supporting exhibits. Defendant again ignored this heightened warning and knowingly continued with its willfully infringing activities. As a result, HomeVestors was forced to escalate this matter to litigation.

### E. Defendant's Prior and Ongoing Injury to HomeVestors.

21. Defendant is without a license to use, adopt or employ for commercial gain the TRADE DRESS. Defendant's actions have injured, and if permitted to continue, will irreparably injure HomeVestors, its franchisees, the TRADE DRESS, the goodwill associated with the TRADE DRESS, and HomeVestors' reputation for quality services in the following ways:

(a) Defendant has knowingly, willfully, and/or intentionally acted in a manner that is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, authorization, or affiliation of their real estate services;

(b) Defendant's advertising falsely suggests a sponsorship, connection, license, or association of its real estate services with HomeVestors. In combination with the above, the result is a wrongful diversion of profits from HomeVestors to Defendant;

(c) Defendant has deliberately interfered with and damaged, and will continue to damage HomeVestors' relationship with customers, potential customers, and users of HomeVestors' services and other products; and

(d) Defendant's actions have harmed HomeVestors' reputation and goodwill.

22. HomeVestors has no adequate remedy at law for many of these injuries, and thus seeks injunctive relief to end the continuing wrongful acts of Defendant.

## VI.
## CLAIMS FOR RELIEF

### Trade Dress Infringement, False Designation of Origin, and Unfair Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

23. HomeVestors repeats, reiterates, and realleges the allegations set forth in the preceding paragraphs fully herein to the extent consistent with the relief requested in this section.

24. Defendant has used in commerce one or more words, terms, names, symbols or devices and combinations thereof and/or false descriptions of origin that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with HomeVestors and/or as to the origin, sponsorship, or approval of the services and products and commercial activities of Defendant, and thus constitutes trade dress infringement, false designation of origin, and unfair competition with respect to the TRADE DRESS, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. The actions of Defendant described above have at all times relevant to this action been willful and intentional.

26. As a result of Defendant's actions, HomeVestors has been damaged and will continue to be damaged.

27. HomeVestors is entitled to recover Defendant's profits, HomeVestors' damages (in an amount to be trebled), and the costs of this action. *See* 15 U.S.C. § 1117(a).

28. This is an exceptional case that merits an award of reasonable attorney fees to HomeVestors under 15 U.S.C. § 1117(a).

## VII.
## APPLICATION FOR PERMANENT INJUNCTION

29. HomeVestors repeats, reiterates, and realleges the allegations set forth in the preceding paragraphs fully herein to the extent consistent with the relief requested in this section.

30. The harm to HomeVestors arising from Defendant's acts is not fully compensable by money damages.

31. On information and belief, Defendant, unless enjoined, will continue to misrepresent to or mislead the public into believing that its services are sponsored by, approved by, affiliated with, associated with, or originated by HomeVestors and infringe the TRADE DRESS by using the TRADE DRESS or confusingly similar variations thereof to identify Defendant's competitive real estate services. All of these actions violate the Lanham Act.

32. Under 15 U.S.C. § 1116(a), these actions entitle HomeVestors to a permanent injunction, upon hearing, enjoining Defendant and its officers, agents, servants, employees, franchisees, and attorneys, and all persons in active concert or in participation with Defendant from:

 (a) Representing that Defendant's services are in any way sponsored by, approved by, affiliated with, or originated by HomeVestors;

 (b) Representing that Defendant is HomeVestors;

 (c) Using any of the TRADE DRESS or any confusingly similar variation thereof,

alone or in combination with other designs or words, to market, advertise, or identify Defendant's services; and

(d) Otherwise competing unfairly with HomeVestors or injuring its business reputation in any manner.

33. For these actions, there is no adequate remedy at law. Further, HomeVestors is substantially likely to prevail on the merits of these claims. The injury to HomeVestors greatly outweighs any injury to Defendant that the requested injunction may cause. The balance of hardships tips strongly in favor of HomeVestors. Finally, the injunction will not disserve the public interest. Therefore, in addition to monetary relief, HomeVestors is also entitled to permanent injunctive relief against Defendant.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, HomeVestors respectfully prays that the Court enter judgment in its favor on each and every claim for relief set forth above and award it relief against Defendant including, but not limited to:

(1) Actual and treble damages;

(2) In accordance with 15 U.S.C. § 1116, issue a permanent injunction enjoining Defendant and Defendant's officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendant from the acts described in this Complaint;

(3) Order Defendant and Defendant's officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendant to identify all third parties to whom Defendant has represented an ownership, affiliation, association, or sponsorship with the TRADE DRESS and to whom Defendant has distributed any type of materials incorporating the TRADE DRESS;

(4) Order Defendant and Defendant's officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendant to identify all other websites or marketing materials containing the TRADE DRESS;

(5) Order Defendant to provide an accounting of all sales, revenues, and profits

related to Defendant's services that infringe the TRADE DRESS and that are falsely designated as being sponsored by, approved by, affiliated with, or associated with HomeVestors;

(6) In accordance with 15 U.S.C. § 1118, order all materials in Defendant's possession or control bearing the TRADE DRESS be surrendered for destruction;

(7) In accordance with 15 U.S.C. §§ 1117(a), award HomeVestors all of Defendant's profits from the aforesaid acts of trade dress infringement and unfair competition;

(8) In accordance with 15 U.S.C. § 1117(a), find this case to be exceptional in HomeVestors' favor and award HomeVestors its reasonable attorney's fees, costs, and expenses of this action;

(9) Award HomeVestors its costs and pre-judgment and post-judgment interest at the maximum allowable interest rate; and

(10) Grant HomeVestors such other relief, at law or in equity, to which it is justly entitled.

Dated: June 6, 2018                                  Respectfully submitted,

                                                     HomeVestors of America, Inc.


                                                     By:   /s/ Michael J. Duffy
                                                                One of its Attorneys


Michael J. Duffy (6196669)
Wilson Elser Moskowitz Edelman & Dicker, LLP
55 West Monroe Street, Suite 3800
Chicago, IL 60603
(312) 704-0550 (Phone)
(312) 704-1522 (Fax)
Michael.Duffy@wilsonelser.com